*In re* STOTT'S ESTATE.

APPEAL OF STOTT.

1. FRAUD—EVIDENCE—SEARCHING OUT OF FACTS IN FRAUD CASE SHOULD NOT GO FAR BEYOND ISSUE.
   Where fraud is charged, there is need, in the admission of evidence, of permitting a searching out of the facts, but this does not admit of inquiry far removed from the issue.[1]

---

[1]Fraud, 27 C. J. § 181.

2. APPEAL AND ERROR—JUDGMENT REVERSED WHERE FINDING NOT
SUPPORTED BY EVIDENCE.

Where the finding of the trial court that defendant trustee
failed to account for certain money received by him on
account of the sale of certain stock belonging to the
*cestui que trust* is not supported by any evidence that
defendant ever received any money on said account, the
judgment based thereon must be reversed, on error.[2]

3. TRUSTS—INTEREST—SEVEN PER CENT. NOT ALLOWABLE.

Seven per cent. interest should not be allowed on amount
found unaccounted for by defendant trustee.[3]

Error to Wayne; Marschner (Adolph F.), J.    Submitted October 14, 1925.    (Docket No. 65.)    Decided January 28, 1926.

David E. Stott and others presented their annual account as trustees for Arthur F. Stott under the will of David Stott, deceased.    The account was disallowed in part in the probate court, and David E. Stott appealed to the circuit court.    Judgment sustaining the order of the probate court.    David E. Stott brings error.    Reversed.

*Thomas A. E. Weadock,* for appellant.

*Lightner, Oxtoby, Hanley & Crawford,* for appellee.

WIEST, J.    David E. Stott, herein styled defendant, was, under the will of his father, appointed trustee, along with his sisters Bertha and Julia, for his brother Arthur F. Stott, herein called plaintiff. Arthur, a man of mature years, owned 21 shares of the stock of the Woodward-Jefferson Realty Company of the par value of $2,100, but considered practically worthless until an effort was made by outsiders to obtain control of the company through purchase of stock.    Defendant owned 25 shares of the stock and sold his shares, through Augustus Fitzgerald, secre-

---

[2]Appeal and Error, 4 C. J. § 2854; [3]Trusts, 39 Cyc. p. 426.

tary of the company, and received $2,500 therefor.
Fitzgerald sold the shares for $4,000.    Later Arthur's
stock was sold to Fitzgerald for $500, as hereinafter
explained.    The trustees accounted for $500, from the
sale of Arthur's stock, and the probate court found that
defendant received $1,600, the difference between the
par value of the stock and the $500 accounted for.
Defendant appealed to the circuit, and, upon trial
before the court without a jury, defendant was again
found to have received $1,600 more than he accounted
for, and judgment passed  for that amount with 7
per cent. interest thereon.    The case is here by writ
of error.

It is claimed the findings of the court are not sup-
ported by the evidence.    This question comes here
by exceptions to the findings.    The assignments of
error also relate to rulings on the admission and ex-
clusion of evidence.    The testimony at the trial,
against repeated objections by counsel for defendant,
took a wide range.    Much of it is of no help and
should have been excluded.    We recognize the need,
where fraud is involved, of permitting a searching
out of the facts, but this does not admit of inquiry
far removed from the issue.    We are removed from
the heat of the trial evidenced in this long record, and
we have sheared the case of incompetent testimony and
confine consideration to the specific charge of active
fraud and claimed profit therefrom.    This leaves but
a narrow issue, with the burden upon plaintiff to es-
tablish, by evidence, that his brother employed the
office of trustee for the nefarious purpose alleged.

Defendant denies receiving any money on account
of the sale of Arthur's stock.    Defendant did not dis-
pose of Arthur's stock.    Arthur's stock was dis-
posed of by his sisters Julia and Bertha, trustees, along
with their stock, and the negotiations were with Mr.
Fitzgerald, secretary of the company, and carried

on by Ernest Stott, their brother, who sold his own stock at the same time.    David Stott had sold his stock previously to Mr. Fitzgerald, and his only act in the sale of Arthur's was to sign the assignment of the certificate after the sale had been made by the two other trustees through Ernest.    Defendant did not receive the $500 agreed to be paid, and paid by Mr. Fitzgerald, and the evidence fails to show he received anything on account of such sale, and reasonable inferences drawn from all the facts fall short of sustaining the judgment.

We have given the fact that a check for $10,500 was made out, payable to David, by the purchaser of the 105 shares sold by Ernest to Fitzgerald the consideration it commands in view of its rejection by defendant and the failure of the amount to square with other facts.    Fitzgerald paid $2,500 for the 105 shares and none of this money reached the hands of defendant. The 105 shares were then sold by Fitzgerald to one Jacobs.    All the evidence shows that the shares were sold to Fitzgerald, and he paid for them and the check for $10,500 payable to defendant was an error, corrected by return of the check and payment direct to Fitzgerald.    The check for $10,500 would have paid defendant the full par value of the stock and take no account of the $2,500 paid by Fitzgerald for the stock, unless we assume that Fitzgerald was but a dummy, and defendants' money paid for the shares.    The direct evidence does not warrant any such inference and a suspicion to such effect is too airy to merit judicial acceptance.

The writer of this opinion has read the record twice, because, at first reading, there was an impression favoring affirmance of the judgment, and the second reading was to lay finger upon facts justifying a finding that defendant was guilty of fraud.    I cannot support the judgment by pointing to relevant facts,

233—Mich.—32.

and when this cannot be done reversal must follow. It is to be remembered that defendant is not charged with mere dereliction of duty in failing to disclose to his co-trustees the amount he received for his stock, and in permitting the sale of Arthur's for a less sum, but he is charged with receiving $1,600 from the sale of Arthur's stock and not accounting for it. Defendant advised his brother Arthur and his sister Bertha to sell their stock some time before their sale to Fitzgerald, and both then refused.

The theory of counsel for plaintiff at the trial was that defendant was guilty of embezzlement. The proofs fail to show the receipt of any money by defendant from the sale of Arthur's stock. In the absence of such proof there could be no embezzlement. To warrant judgment for money received by defendant and not accounted for the evidence would have to establish the fact that defendant did receive the money.

The competent evidence does not justify the judgment rendered. We find no occasion to discuss the errors alleged in the admission and exclusion of evidence. Seven per cent. interest should not be allowed.

The judgment is reversed and a new trial granted, with costs to defendant.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.