## *In re* STOTT'S ESTATE.

JUDGMENT—SUMMARY JUDGMENT—STATUTE INAPPLICABLE.

Motion by trustee for summary judgment for costs in proceeding involving trustee's compensation, which is payable out of trust estate on order of probate court, was properly denied; summary judgments statute being inapplicable.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 29, 1931. (Docket No. 55, Calendar No. 35,830.) Decided December 8, 1931. Rehearing denied March 3, 1932.

David E. Stott, trustee, moved for summary judgment for costs awarded him in an action brought by the beneficiary. From order denying summary judgment, plaintiff appeals. Affirmed.

*Thomas A. E. Weadock,* for appellant.

*Edward N. Barnard,* for appellee.

McDONALD, J. David E. Stott was one of three trustees for Arthur F. Stott under the will of their father, David Stott, deceased. He resigned the trusteeship and filed his account. On the hearing it was determined that he was indebted to the estate, above his compensation, for money which he had appropriated to his own use. The circuit court sustained this judgment. On appeal to the Supreme Court it was reversed, and a new trial granted, on the ground that the charge of conversion was not sustained by the evidence (233 Mich. 494).

Costs were taxed against the beneficiary, Arthur F. Stott, in the sum of $462.17 and an order ob-

tained by the trustee from the circuit judge staying further proceedings on the part of the beneficiary until the costs were paid. This order was made May 3, 1926. The costs were not paid. No further action was taken by the trustee for five years. He then got in a hurry and filed a motion for a summary judgment which the circuit judge denied. From a denial of the motion, the trustee has appealed.

We agree with the circuit judge. Summary judgment is not a proper proceeding in a case of this kind. This is not a suit against the beneficiary personally. It is not a case of plaintiff and defendant. It is a proceeding to have the trustee's compensation determined, and, when determined, it is paid out of the trust estate on order of the probate court. The statute relative to summary judgments (3 Comp. Laws 1929, § 14260 *et seq.*) does not apply.

The judgment is affirmed, with costs against David E. Stott.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.